**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SPORTFIVE Golf LLC, | No. CV-24-03635-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Sabor Ritmo Festival LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Rule 55(b) Motion for Default Judgment (Doc. 15), wherein Plaintiff requests a default judgment for a sum certain, plus costs. Plaintiff's request is supported by a "sum certain affidavit" showing the amount due. (*See* Doc. 15-1.) Defendants, who were defaulted for not appearing, are neither minors nor incompetent persons. (*See* Doc. 1 ¶¶ 2–3.)

Federal Rule of Civil Procedure 55(b) provides two distinct avenues by which a party may procure a default judgment. Under Rule 55(b)(1), when a party seeks a judgment "for a sum certain or a sum that can be made certain by computation" against a defendant "who has been defaulted for not appearing and who is neither a minor nor an incompetent person," and the party's request is supported by "an affidavit showing the amount due," then "the clerk . . . must enter judgment for that amount and costs." In cases where a party seeks a default judgment for something other than a sum certain, Rule 55(b)(2) provides that the court, not the clerk, is the appropriate adjudicative entity. In the Ninth Circuit, a district court's disposition of an application for default judgment under Rule 55(b)(2) is

guided by the analysis set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). However, the *Eitel* factors are not applicable to a request for default judgment made under Rule 55(b)(1). The plain language of Rule 55(b)(1) indicates that no discretion is involved in the disposition of requests made thereunder, and the *Eitel* factors are expressly aimed at guiding a district court's exercise of the discretion vested in it by Rule 55(b)(2). *See Eitel*, 782 F.2d at 1471–72; *see also, e.g.*, *Kelly v. Hickman*, No. 2:19-CV-01733-JAD-DJA, 2020 WL 13533713, at *2 (D. Nev. June 10, 2020) (noting that "when the plaintiff has not set forth a claim capable of simple computation, whether to grant a motion for default judgment lies within the trial court's discretion, which is guided by Rule 55(b)(2) and the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*").

The streamlined process laid out in Rule 55(b)(1) is only available to plaintiffs who seek a default judgment "for a sum certain or a sum that can be made certain by computation." In one of its few opinions addressing what constitutes a sum certain, the Ninth Circuit wrote as follows:

> Unfortunately, the cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning. Noting this paucity of federal case law, the First Circuit in *KPS & Assocs.* looked to state courts whose rules of procedure mirror the Federal Rules. This led the court to conclude that a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default. The First Circuit ultimately concluded that the particular claim before it was not a sum certain because the complaint and supporting affidavits, which were internally inconsistent, did not set forth a claim capable of simple mathematical computation.
>
> Applying the First Circuit's approach to the facts of this case, we conclude that no doubt remained as to the amount to which HRG's default entitled Franchise Holding. Franchise Holding presented the clerk with loan documents that set forth the specific formulas for determining the amount owed. It also provided documents setting forth the various amounts necessary for calculating the total amount due. While HRG takes issue with the accuracy of some of these figures, it never gave the district court any specifics about how these figures were wrong or how its own calculation would differ from Franchise Holding's calculation.

*Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 928–29 (9th Cir. 2004). Plaintiff's application for a default judgment falls within the bounds of a sum certain as identified in *Franchise Holding*. Here, as there, Plaintiff has provided contract documents setting forth specific formulae for determining the amount owed. These formulae are not complicated, and the documents that house them are not voluminous. Therefore, the Court concludes that this case is eligible for disposition under Rule 55(b)(1).

Unfortunately, Plaintiff did not direct its application for default judgment to the clerk. Although noting several times that it seeks a default judgement for a sum certain, Plaintiff did not specify whether it brings its motion pursuant to Rule 55(b)(1) or Rule 55(b)(2). Instead, Plaintiff includes only the generic statement that its motion relates to Rule 55(b). Additionally, Plaintiff writes in the text of its motion that it "asks the Court to enter judgment," making no mention of the clerk. Despite these ambiguities, the Court will not construe Plaintiff's motion as arising under Rule 55(b)(2).

This District, like most Districts in the Ninth Circuit, lacks a local rule that explains how a party should indicate that it seeks a default judgment from the clerk, rather than the court. Therefore, to the extent that Plaintiff committed a procedural mistake by mentioning the Court in its motion, the Court declines to assign significance thereto, as Plaintiff was not apprised of how it ought to have structured a request for default judgment pursuant to Rule 55(b)(1). Other courts in this Circuit have taken a similar approach. For instance, after noting that a "[p]laintiff's request [was] somewhat ambiguous" because the plaintiff stated therein that he "comes now and requests that *the Court*, pursuant to *Rule 55(b)(1)*" enter default judgment for a sum certain, the court nevertheless considered the plaintiff's request under Rule 55(b)(1). *Baker v. Marlo*, No. CV 16-02313 RGK (JPRx), 2016 WL 10678074, at *1 n.1 (C.D. Cal. Aug. 8, 2016) (emphasis in original) (internal quotation mark omitted).[1] Moreover, other courts in this Circuit have noted that a court may end up disposing of Rule 55(b)(1) applications even when plaintiffs appropriately address them to the clerk, as

---

[1] The court in *Baker* ultimately determined that the plaintiff's request was not properly for a sum certain for reasons that are not relevant here. *See Baker*, 2016 WL 10678074, at *2.

clerk's offices frequently lack a mechanism by which they can determine whether a given request for default judgment properly falls within the ambit of the governing rule or was instead erroneously denoted. *See, e.g.*, *Molly Moon Films Ltd. v. ARC Ent., LLC*, No. 2:17-CV-09290-CAS-MRWx, 2019 WL 5394178, at *2 (C.D. Cal. Oct. 21, 2019) ("Because of the policy of the Clerk of Court to defer to the district judge the question of whether a contract provides for payment of a sum certain, the Court construes plaintiffs' motion for default judgment in accordance with Rule 55(b)(2).").

The only District in this Circuit that has adopted a local rule instructing litigants how to specifically direct a request for default judgment to the clerk is the Western District of Washington. In that District, parties seeking to proceed under Federal Rule 55(b)(1) are required to comply with Local Rule 7(d)(1), which provides that "requests for the clerk to enter default judgment . . . shall be noted for consideration for the day they are filed." Local Rule 55(b)(1) further clarifies that "a claim for 'reasonable attorney's fees' is not for a sum certain under Fed. R. Civ. P. 55(b)(1) unless the complaint states the amount of fees sought" and that "[a] motion for entry of default judgment by the clerk need not be served on the defaulting party." As noted, the District of Arizona has no local rule addressing the procedure that attends a request made under Rule 55(b)(1). In light of that omission, the Court will treat motions for default judgment as arising under Rule 55(b)(1) wherever fairness favors such a construction, irrespective of linguistic technicalities such as Plaintiff's use of the phrase "the Court" in the instant motion. Thus, the Court disagrees with its intra-district sister court's holding that "[a]lthough Plaintiff asserts that his claim is for a 'sum certain,' Plaintiff seeks default judgment via a motion, and therefore Rule 55(b)(2) applies." *Barrons v. Smallwood*, No. CV-23-02705-PHX-DWL, 2024 WL 4566691, at *2 n.2 (D. Ariz. Oct. 24, 2024) (internal citation omitted). Properly construed, Plaintiff's motion for default judgment in the instant case is a request for default judgment under Rule 55(b)(1).

The upshot of all this is that, in cases such as this one, where a party submits a request for a default judgment for a sum certain plus costs, and such request is consistent

1   with the other criteria of Rule 55(b)(1), the party need not address the *Eitel* factors, and the
2   Court need not consider them. This conclusion is not academic, as Plaintiff does not
3   address the *Eitel* factors here. But for all the reasons given above, that omission is of no
4   moment, and is in fact proper.

5   Rule 55(b) embraces a strict bifurcation between the duties of court and clerk, and
6   Rule 55(b)(1) states that the clerk "must" enter a default judgment when presented with a
7   satisfactory request. It therefore seems anomalous, if not textually unfaithful, for a court to
8   usurp the role of the clerk and enter default judgments in circumstances covered by Rule
9   55(b)(1). Thus, the Court will confine itself to holding herein that Plaintiff's motion
10  constitutes a request for a sum certain, but it will reserve for the clerk the act of formally
11  entering a default judgment.

12  **IT IS THEREFORE ORDERED** granting Plaintiff's Rule 55(b) Motion for
13  Default Judgment (Doc. 15).

14  **IT IS FURTHER ORDERED** directing the Clerk of Court to enter a Judgment in
15  favor of Plaintiff and against Defendants as follows:

16  1. A sum certain in the amount of **$184,618.98**, consisting of:
17     a. Principal contractual damages of $164,919.06;
18     b. Pre-judgment interest at the rate of 10% under Ariz. Rev. Stat.
19        44-1201(A)(2), accrued through the date of Plaintiff's motion, for a
20        total of $19,699.92 in pre-judgment interest;
21  2. Costs in the amount of **$1,403.59**;
22  3. Post-judgment interest under Ariz. Rev. Stat. 44-1201(B) at the rate of 8.50%
23     accruing from the date of this Judgment until such Judgment is paid in full.

24  **IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter
25  upon entry of judgment.

26  Dated this 12th day of March, 2025.

Honorable John J. Tuchi
United States District Judge

- 5 -