Larry J. Wulkan (021404)
Robert Weeks (025821)
Samantha T. Lee (038652)
**ZWILLINGER WULKAN PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 609-3800
Fax: (602) 962-0207
Email:  larry.wulkan@zwfirm.com
         robert.weeks@zwfirm.com
         samantha.lee@zwfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISCTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SPORTFIVE Golf, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sabor Ritmo Festival, LLC, a California limited liability company; Julissa Marcencia, an individual,<br><br>Defendants. | No. CV-24-03635-PHX-JJT<br><br>**RULE 60(a) MOTION TO CORRECT CLERICAL MISTAKE ON JUDGMENT** |

On March 12, 2025, this Court entered a default judgment against Defendant Sabor Ritmo Festival, LLC and Defendant Julissa Marcencia. (Doc. 17.) On the face of the default judgement, however, it is not clear that the judgment applies to Defendant Marcencia. As such, Plaintiff respectfully requests the Court correct the judgment pursuant to Fed. R. Civ. P. 60(a) to make it clear that the judgment applies to both Defendant Sabor and Defendant Marcencia.

The default judgment issued by this Court contains an abbreviated caption that only names Defendant Sabor. Additionally, the body of the default judgment only states that judgment is entered against "Defendants" without naming the Defendants that this judgment

applies to. Thus, Plaintiff is concerned that it will have difficulty enforcing this judgment against Defendant Marcencia, as her name does not appear anywhere on the default judgment.

Under Federal Rule of Civil Procedure 60(a): "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a) is applied "where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *Martinez v. Dart Trans, Inc.*, 547 Supp.3d 1140, 1148 (D. N.M. 2021). *See also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) relief is proper to the extent that it does not deviate from the original intent of the court.") Here, the use of "Defendants" in the default judgments demonstrates that the Court meant for the judgment to apply to both Defendant Sabor and Defendant Marcencia. Additionally, Plaintiff moved for default judgment against both Defendants for their failure to answer or otherwise respond to its complaint. (Doc. 15.) The Court granted this motion as to both Defendants (Doc. 16 at pg. 5.) The record makes it clear that the Court intended for the judgment to apply to both Defendant Sabor and Defendant Marcencia. Due to an oversight or mistake, however, the judgment seems ambiguous as to Defendant Marcencia.

Plaintiff respectfully requests the Court to correct the default judgment to make it clear that the judgment applies to both Defendant Sabor and Defendant Marcencia. A proposed form of the corrected default judgment is attached herewith.

DATED this 24th day of March 2024.

**ZWILLINGER WULKAN PLC**

By: */s/ Larry J. Wulkan*
    Larry J. Wulkan
    Robert Weeks
    Samantha T. Lee
    2020 N. Central Ave., Suite 675
    Phoenix, Arizona 85004
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court for the U.S. District Court for the District of Arizona by using the CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I also hereby certify that on March 24, 2025, I caused the foregoing document to be mailed by regular U.S. Mail to:

Julissa Marcencia
15 Nicholas Ct., Apt. 301
Napa, CA 94558-2764

Sabor Ritmo Festival, LLC
c/o Zenbusiness, Inc., Statutory Agent
2520 Venture Oaks Way, Suite 120
Sacramento, CA 95833


By:  */s/ Stephanie Dolfini*